IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARESE JOHNSON,
    *Plaintiff*,

v.

UNITED STATES OF AMERICA,
    *Defendant*.

Civil Action No. ELH-19-2967

**MEMORANDUM**

The self-represented plaintiff, Charese Johnson, filed suit on August 30, 2019, in the District Court of Maryland for Harford County against defendant Transportation Security Administration ("TSA"). ECF 4 (the "Complaint"). She alleges that her laptop was broken by TSA employees during screening at the airport. *Id.* The TSA removed the case to federal court on October 10, 2019, pursuant to 28 U.S.C §§ 2679, 1442, and 1446. ECF 1, ¶ 5.[1] Section 2679 of 28 U.S.C. is a provision of the Federal Tort Claims Act ("FTCA").

Defendant has moved to dismiss the suit. ECF 11. The motion is supported by a memorandum of law (ECF 11-1) (collectively, the "Motion") and two exhibits. ECF 11-2 to ECF 11-3. Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(1), arguing that this Court lacks subject matter jurisdiction because the TSA is not a proper defendant (ECF 11-1 at 5-6), and under Fed. R. Civ. P. 12(b)(6), arguing that the Complaint fails to state a claim. *Id.* at 6-10. The attached exhibits to the Motion pertain to the administrative claim that plaintiff filed with the TSA.

---

[1] TSA claims it was not properly served, and therefore its removal to this Court is timely.

ECF 11-2; ECF 11-3. On May 8, 2020, the TSA moved to substitute the United States as the proper party. ECF 14. I granted the motion. ECF 15.[2]

On December 16, 2019, the Court sent a notice to plaintiff, advising her of her right to respond to the Motion and of the potential consequences of failing to do so. ECF 12. Because plaintiff did not respond, I issued an Order on April 28, 2020. ECF 13. Among other things, the Order extended until May 28, 2020, the time for plaintiff to respond to the Motion. *Id.* at 2. Again, plaintiff failed to respond. Therefore, on June 3, 2020, I directed plaintiff to respond to the Motion by June 17, 2020. ECF 16. And, I warned plaintiff that if she failed to respond, I shall assume she does not oppose dismissal of the case. To date, plaintiff has not responded. *See* Docket.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I. Factual Background[3]

On June 29, 2018, plaintiff boarded a flight from McCarran International Airport in Las Vegas, Nevada to Baltimore, Maryland operated by Spirit Airlines. ECF 11-2 at 2-3. In her initial claim with the TSA, filed that day, plaintiff stated, *id.* at 2-3:

> Toshiba Satellite laptop was packed in my suitcase. Packaged with installation prior to flight. When I landed, the laptop package was missing and laptop screen broken. Receipt, plane ticket, and photograph attached[4]. . . Property is toshiba [sic] Satellite laptop computer monitor screen cracked, location of inspection is McCarran International Airport in Las Vegas, Nevada on 6/29/28. . . Prior to

---

[2] Accordingly, I need not address the government's arguments under Rule 12(b)(1).

[3] At this juncture, I must assume the truth of the facts alleged in the suit. *See Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019).

4 As discussed, *infra*, I may consider the exhibits attached to the Motion. Regarding the receipt, plane ticket, and photograph, the government indicates that the "TSA does not dispute that these items were submitted with the claim; however, given that these items are not relevant to arguments raised herein, and that the items were not labeled with the TSA Control Number, TSA opted not to include them" in its submission. ECF 11-1 at 2, n.2.

2

boarding plane, my laptop was enclosed with packaging paper and taped for protection. After bag was checked, I landed and opened suitcase packaging was missing. Laptop was unpackaged and laid on clothes.

In a box on the form labeled "Personal Injury/Wrongful Death," Johnson wrote: "Personal injury is laptop is used for my business and has valuable data that can not be recovered." *Id.* at 2. She indicated that the value of the property damage was $635.96. *Id.* at 2.

On July 25, 2018, Kimberly Davis, the Assistant Director of Management Services and Claims in the TSA's Financial Management Division, sent plaintiff a letter indicating that her claim had been received and assigned a control number. *Id.* at 1. The letter indicated that her claim would be governed by the FTCA and that she could file suit in federal court if her claim was denied or not resolved within six months. *Id.*

On May 20, 2019, Davis sent Johnson another letter, denying her claim. ECF 11-3. Davis stated: "After careful evaluation of all the evidence, we have determined that there are no legally sustainable grounds upon which a finding of liability can be based on the part of the TSA." *Id.* Davis indicated that Johnson could file suit in "an appropriate U.S. District Court not later than six months after the date this letter was mailed." *Id.*

Plaintiff's Complaint, filed in a Maryland state court on August 30, 2019, states, in its entirety: "TSA employees denied physically breaking Charese Johnson's laptop during troweling and checking luggage. Charese Johnson sent substantial factual evidence of claim." ECF 4. On the complaint form, Johnson indicates that her claim is a tort claim, for $5,000. *Id.*

## II.   Legal Standard

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley*

3

*Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Paradise Wire & Cable*, 918 F.3d at 317; *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, *Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation

of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi*, 930 F.3d at 605 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In the context of a motion to dismiss, courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards*, 178 F.3d at 243). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint,

the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (emphasis in *Goodman*) (quoting *Forst,* 4 F.3d at 250).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed. v. Town of Gilbert*, ___ U.S. ___, 135 S. Ct. 2218 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). Of relevance here, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Am. Chiropractic Ass'n*

6

*v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167. "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Id*. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

Plaintiff has attached no exhibits to her Complaint. But, defendant has attached plaintiff's claim, submitted to the Claims Management Branch of the TSA. ECF 11-2 at 2. It also attached a letter to plaintiff from the TSA, acknowledging that her complaint had been received. ECF 11-2 at 1. And, it attached the letter from the TSA denying the claim. ECF 11-3. Because these documents are integral to the suit as the record of Johnson's administrative claim, I shall consider them.

As indicated, I am mindful that plaintiff is self-represented. Thus, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se

litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. See *Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the Court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also M.D. v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint). As the Fourth Circuit has said: "To do so would not only strain judicial resources by requiring those courts to explore exhaustively all potential claims of a pro se plaintiff, but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278.

### III.     Discussion

#### A.

Under the FTCA, the federal government has waived its sovereign immunity for the negligent or wrongful acts or omissions of its employees acting in the scope of their federal employment. *See* 28 U.S.C. §§ 2671–2680. However, the United States and its agencies may not be sued in tort except as permitted by the FTCA. *See* 28 U.S.C. § 2679(b)(1); *see, e.g.*, *Salazar v. Ballesteros*, 17 F. Appx. 129, 130 (4th Cir. 2001) (explaining that the FTCA "immunizes federal employees who are sued for actions within the scope of [their] office or employment" and upon substitution of the United States as defendant, "allows the United States to be sued for certain torts

committed by its employees"). As to claims that are "cognizable" under the FTCA, the FTCA is the "exclusive" remedy against the United States or its agencies or employees. *Id.* § 2679(a).

Under 28 U.S.C. § 1346(b)(1) the FTCA's waiver of sovereign immunity operates, subject to certain exceptions, as to claims

> for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Section 1346(b)(1) of 28 U.S.C. grants subject matter jurisdiction over such claims to the district courts; *see also id.* § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."). Although plaintiff's Complaint does not expressly articulate a particular legal cause of action, the allegations can be construed as a claim for negligence.

Tort claims under the FTCA are evaluated "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the acts or omissions alleged by plaintiff took place in Nevada, during the security screening of her luggage before plaintiff boarded her flight to Baltimore, the Court must apply Nevada's substantive tort law. *See Anderson v. United States*, 669 F.3d 161, 164 (4th Cir. 2012) (stating that, under the FTCA, "the substantive law of each state establishes the cause of action").

To state a claim for negligence under Nevada law, a plaintiff is required to plead "four elements: (1) the existence of a duty of care, (2) breach of that duty, (2) legal causation, and (4) damages." *Landow v. Bartlett*, 2019 WL 8064074, at *4 (D. Nev. Nov. 18, 2019) (citing *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008)). *See Foster v. Costco Wholesale Corp.*, 128 Nev. 773, 777, 291 P.3d 150, 153 (2012). In a negligence claim, a plaintiff

"must prove that the defendant[']s acts were both the actual and proximate causes of his injuries." *Roe v. Nevada*, 621 F. Supp. 2d 1039, 1057 (D. Nev. 2007) (applying Nevada law). Actual causation "means that but for the defendant's negligence, plaintiff would not have been damaged." *Id.* Proximate causation "limits a defendant's liability to the foreseeable consequences of his actions." *Id.*

In Nevada, "[r]es ipsa loquitur is an exception to the general negligence rule, and it permits a party to infer negligence, as opposed to affirmatively proving it, when certain elements are met." *Woosley v. State Farm Ins. Co.*, 117 Nev. 182, 188, 18 P.3d 317, 321 (2001). Those elements are, 117 Nev at 188-89, 18 P.3d at 321:

> (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) the event must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff.

**B.**

The government contends that, when taking into account the facts alleged in Johnson's Complaint and the administrative record of the denial of her TSA claim, her suit must be dismissed for failure to state a claim. ECF 11-1 at 7-8.[5] It asserts: "Plaintiff's pleadings are devoid of critical allegations concerning how the damages occurred, the nature of TSA's wrongdoing, and how her damages were attributable to TSA's wrongdoing." *Id.* at 7. Nor, according to the government, "is

---

[5] The government argues that "Plaintiff's allegation of personal injury, which was listed in her Claim, but for which she provides no supporting evidence or allegations, must also be dismissed because she has not actually pleaded any physical or bodily harm to her person that resulted from the alleged cracked computer screen." ECF 11-1 at 10. As noted, on her claim form, in the box labeled "Personal Injury/Wrongful Death," plaintiff wrote: "Personal injury is laptop is used for my business and has valuable data that can not be recovered." ECF 11-2 at 2. It is clear that Johnson did not intend to bring a separate claim for personal injury, but is instead explicating the value of the damaged property.

there any reading of these documents that could reasonably put TSA on notice of Plaintiff's general theory of liability, and in turn what factual and legal defenses TSA could raise." *Id.* at 8.

However, the government suggests two possibilities. First, it argues that, if Johnson's claim is one for strict liability, because TSA employees "deliberately or intentionally damaged her property," it cannot be liable because the United States has not waived sovereign immunity as to intentional torts. *Id.* at 8. In *Getsy v. United States*, 400 F. Supp. 3d 859, 861 (D. Az. 2019), for example, the court stated that "district courts do not have jurisdiction over any claim arising out of intentional torts unless the acts are committed by 'investigative or law enforcement officers of the United States Government.' 28 U.S.C.A. § 2680(h)." The *Getsy* Court also said, *id.* at 863: "Neither the United States Supreme Court nor the Ninth Circuit have answered the question of whether [Transportation Security Officers] are 'investigative or law enforcement officers' under the FTCA." And, after surveying existing case law, the court concluded that TSA screeners are not "officers" for the purposes of the FTCA. *Id.* at 864 (collecting cases).

In any event, "statutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25, 27 (1951). And, the burden is on the plaintiff to establish jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Second, the government argues that if plaintiff's allegations amount to a claim of negligence, she has failed to state a claim under Nevada law. ECF 11-1 at 9. In particular, the government argues that plaintiff has failed to plead causation, in that plaintiff's claim is "devoid of any allegations linking the laptop's damage to a TSA employee's screening of her luggage." *Id.* The laptop, the government contends, could have been "damaged on the way to inspection, in the time following the inspection, or any time between when Plaintiff deposited her checked

luggage with the airline in [Las Vegas] and when she discovered the damage after landing at BWI." *Id.* And, the government contends that plaintiff has not pleaded the elements of res ipsa loquitur; it contends that a cracked laptop screen can occur in the absence of negligence. *Id.* at 10. Further, defendant contends that the damage was not necessarily caused by an instrumentality within the exclusive control of the TSA, because both plaintiff and the airline also handled plaintiff's luggage. *Id.*

As I see it, plaintiff's claim of negligence concerns the removal of the protective packaging. *See* ECF 11-2 at 3 ("Prior to boarding plane, my laptop was enclosed with packaging paper and taped for protection, after bag was checked, I landed and opened suitcase, packaging was missing. Laptop was unpackaged and laying on clothes."). Plaintiff describes the protective packaging on her laptop as "packaging paper" and tape. *Id.* She has not pleaded sufficient facts to show that, with a protective covering of paper and tape, the laptop screen would not have been damaged at some point in its journey. And, it is not reasonably foreseeable that removal of a paper covering would cause the screen to crack in transit.

And, plaintiff has failed to plead a claim for negligence under the doctrine of res ipsa loquitur. The facts, if proven, would not demonstrate that the paper covering was removed while the laptop was in the exclusive control of the TSA. And, the facts alleged do not support a claim that a cracked laptop screen would only have occurred due to negligence. Indeed, the screen could have cracked in transit even with a covering of paper and tape. Plaintiff has simply not provided enough facts plausibly to plead causation.

## IV. Conclusion

Plaintiff's allegations fail to rise to the level of a cognizable claim for negligence. For the aforementioned reasons, the Motion is granted.

A separate Order follows.

Date: July 16, 2020                                            /s/
                                                        Ellen L. Hollander
                                                        United States District Judge